UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| GEORGE BATTERSBY, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 4:22-CV-00129-JPB |
| STEVEN M. HENRY, JEFF LONG and THOMAS HARRIS, | |
| Defendants. | |

## ORDER

This matter comes before the Court on Steven M. Henry, Jeff Long and Thomas Harris' (collectively, "Defendants") Motion to Dismiss George Battersby's ("Plaintiff") Complaint [Doc. 6]. The Court finds as follows:

## BACKGROUND

**A.    Factual History**

The facts alleged in Plaintiff's Complaint are summarized as follows. Plaintiff is a resident of Catoosa County, Georgia. [Doc. 1-1, p. 2]. At the time of the events giving rise to this action, Defendant Henry was the Chairman of the Catoosa County Board of Commissioners (the "Board"), Defendant Long was the Commissioner for District 1 of the Board and Defendant Harris was a sheriff's deputy or law enforcement officer. Id. at 1–2.

On May 4, 2021, Plaintiff attended a Board meeting.  Id. at 2.  Defendants were also present at the Board meeting.  Id. at 3, 5.  At the Board meeting, Plaintiff addressed the Board at the time delegated for public participation.  Id. at 3.  During his speech, Plaintiff detailed a factual background of past participations and discourse between the Board and the public at prior meetings and on prior issues.  Id. at 4.  Plaintiff also spoke about Defendant Henry's campaign donations that he received from a "friend and business partner."  Id.

While Plaintiff was speaking, Defendant Henry interrupted Plaintiff due to the content of his speech, called Plaintiff a "liar" and threatened to have Plaintiff removed from the meeting.  Id.  Defendant Henry then directed Defendant Harris to remove Plaintiff from the meeting, and Defendant Harris complied.  Id. at 5.  Defendant Harris seized Plaintiff and forced him to leave the Board meeting.  Id.  The Board concluded the meeting immediately upon Plaintiff's removal.  Id.

Approximately one week after the Board meeting, Defendant Henry appeared on a local cable show called "Night Talk."  Id.  During the show, Defendant Henry stated that the Board would "do the same thing again" if Plaintiff spoke again at a meeting about facts with which Defendant Henry disagreed.  Id.  The co-host of the show pointed out that there are two women who frequently attend and speak out at Board meetings, yet they are not escorted out like Plaintiff.

Id.  Other viewers called in to the show and stated that Defendant Long asked the County attorney to find a way to prevent Plaintiff from coming to meetings in the future.  Id. at 6.  Defendant Long then called into Night Talk and confirmed that he asked the County attorney whether Plaintiff could be barred from future meetings. Id.  When the co-host asked whether the Board could stop Plaintiff from attending future meetings, Defendant Henry responded "[i]f you got three votes, you can do anything."  Id. at 6–7.  Before hanging up with the show, Defendant Long added that Plaintiff was only looking for "five minutes of fame" and to put on a show for the "Facebook world and TV world."  Id. at 7.

**B.    Procedural History**

Plaintiff filed this action in the Superior Court of Catoosa County on May 9, 2022, against Defendants in their individual and official capacities.  [Doc. 1-1]. Defendants removed the case to this Court on June 10, 2022.  [Doc. 1].  In the Complaint, Plaintiff brought three federal law claims against Defendants:  (1) civil action under 42 U.S.C. § 1983 for deprivation of rights, (2) civil action under 42 U.S.C. § 1983 for First Amendment retaliation and chilling and (3) violation of due process.  See [Doc. 1-1].  Plaintiff also brought five state-law claims against Defendants:  (1) deprivation of right to freedom of speech under the Constitution of the State of Georgia, (2) battery, (3) false imprisonment, (4) defamation and (5)

negligence.  Id.  Plaintiff's Complaint seeks punitive damages under Georgia state law and Federal law.  Id.

On July 1, 2022, Defendants filed a Motion to Dismiss Plaintiff's Complaint, arguing that, with respect to Plaintiff's federal claims:  (1) Plaintiff's stand-alone § 1983 deprivation of rights claim should be dismissed because § 1983 itself does not confer substantive rights, (2) the § 1983 First Amendment claim should be dismissed because there is no plausible First Amendment violation, (3) the official capacity § 1983 claims fail because the county cannot be held liable for Defendants' actions under the doctrine of *respondeat superior*, (4) Plaintiff fails to state a claim for procedural due process and (5) the federal individual capacity claims should be dismissed because Defendants are entitled to qualified immunity. See [Doc. 6-1].  Defendants also set forth several arguments for dismissing Plaintiff's state law claims including sovereign immunity, official immunity, failure to state a claim, failure to provide ante litem notice and statute of limitations.  Id.

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir.

1999).  In determining whether this action should be dismissed for failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

## ANALYSIS

At the outset, the Court finds that Plaintiff's Complaint is a shotgun pleading that fails to comply with Rule 8.  As such, the Court will not address the merits of Defendants' motion to dismiss at this time.  See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) ("We are unwilling to address and decide serious constitutional issues on the basis of this [shotgun] complaint.  We could perhaps decide whether some of [the] claims were subject to dismissal under Rule 12(b)(6) . . . .  Piecemeal adjudication of that kind, however, does not promote judicial efficiency.").

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim.  Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018).  The Eleventh Circuit Court of Appeals has explained that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts."  Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Furthermore,

> [s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.  Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard.  The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018).  In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice."  Id. at 1357.

Typically, shotgun pleadings are characterized by any one of the following:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4)

[combining] multiple claims against multiple defendants without
specifying which defendant is responsible for which act.

McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019).  These

categories "do not have precise and clearly marked boundaries."  Tran v. City of

Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).  Significantly, the

"unifying characteristic" of all shotgun pleadings is that they fail "to give the

defendants adequate notice of the claims against them and the grounds upon which

each claim rests."  Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313,

1323 (11th Cir. 2015).

    The Court finds that Plaintiff's Complaint demonstrates several of the above

characteristics and is a "quintessential 'shotgun' pleading[] of the kind [the

Eleventh Circuit has] condemned repeatedly."  Magluta, 256 F.3d at 1284.  For

instance, the Complaint often incorporates "all previous paragraphs."  See [Doc. 1-

1].  In addition, the Complaint sets forth vague and wholly conclusory allegations.

By way of example, Plaintiff alleges Defendants deprived him of his civil rights

but fails to specify which of his rights Defendants allegedly violated.  Id. at 7.

Likewise, Plaintiff generally alleges that Defendants deprived Plaintiff of his due

process rights but fails to identify which due process rights Defendants allegedly

violated.  Id. at 10.  Further, Plaintiff alleges that Defendants Henry and Long's

"practice, arising to the level of a policy or procedure of Catoosa County, directly

caused Plaintiff's rights to be violated" but Plaintiff does not set forth any facts showing other instances of similar conduct by Defendants, let alone any facts indicating that their actions arose to the level of a "policy or procedure." Id. at 8. Several of Plaintiff's causes of action also consist of one conclusory sentence lacking any factual support. Plaintiff's Negligence cause of action, for example, simply alleges that Defendants breached their legal duties under "numerous laws" which "damaged Plaintiff," but the Complaint does not provide any details or facts corresponding to such allegation. Id. at 12.

Most problematic to the Court for its analysis is that most of the Complaint fails to specify which cause of action is brought against which Defendant. Several of Plaintiff's allegations are brought against Defendants collectively, without identifying which defendant is responsible for which alleged act, and without indicating whether each cause of action is brought against each defendant in his individual or official capacity. Although some paragraphs in Plaintiff's § 1983 First Amendment and Defamation causes of action name individual defendants, these allegations nevertheless lack enough specificity for Defendants to be able to decipher the wrongdoings that they are alleged to be responsible for. See [Doc. 1-1]. Ultimately, Plaintiff's Complaint does not allow Defendants to identify what exactly they are alleged to have done wrong and does not provide "adequate notice

of the claims against them and the grounds upon which each claim rests."

<u>Weiland</u>, 792 F.3d at 1323.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it, or within twenty-one days after service of a motion under Rule 12(b). Otherwise, the plaintiff must seek leave of court to amend. <u>See</u> Fed. R. Civ. P. 15(a)(2). Although Plaintiff has not sought leave of court to amend his Complaint, before dismissing this case with prejudice the Court will grant Plaintiff an opportunity to amend.

At a minimum, Plaintiff's amended complaint must comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims. The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological). The facts section should not contain facts that are not relevant to the claims.

2) Plaintiff must allege each cause of action, clearly identified as such, under a separate count. Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts applicable to that particular cause of action that he believes entitle him to relief. In other words, rather than incorporating every fact into each cause of action, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action.

> This factual support must include the manner in which Defendants' alleged conduct is related to each cause of action.
>
> 3)   Plaintiff must explicitly request the relief he seeks and must provide an explanation of why he is entitled to such relief.
>
> 4)   Plaintiff is permitted to assert a single count against multiple defendants; however, Plaintiff must identify what precise conduct is attributable to each individual defendant separately in each count and in what capacity each claim is being brought against each Defendant.

Plaintiff is notified that the amended complaint will supersede all previous pleadings.  The Court will not read the pleadings in tandem.  In short, Plaintiff must ensure that his amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 6] is **DENIED** without prejudice to refile in the event that Plaintiff files an amended complaint.  Plaintiff's Complaint [Doc. 1-1] is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may amend his complaint to adequately plead a specific claim or claims within ten days of the date of this Order.  Plaintiff is notified that the failure to submit an amended complaint within the ten-day time period will result in

dismissal of the entire action with prejudice.  The Clerk is **DIRECTED** to

resubmit this matter in the event that an amended complaint is not filed.

      **SO ORDERED** this 10th day of March, 2023.

_____
**J. P. BOULEE**
United States District Judge